IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | |
| VS. | § | NO. 3-93-CR-285-R(09) |
| | § | |
| JOSE I. ZAPATA | § | |
| | § | |
| Defendant. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Defendant Jose I. Zapata, appearing *pro se*, has filed a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b). For the reasons stated herein, the motion should be treated as a second motion to correct, vacate, or set aside sentence and dismissed pending review by a three-judge panel of the court of appeals.

I.

Defendant was indicted by a federal grand jury on: (1) two counts of conspiracy to sell, distribute, or dispense cocaine and marijuana in violation of 21 U.S.C. § 846; (2) four counts of unlawful use of a communication facility in a drug trafficking crime in violation of 21 U.S.C. § 843(b); and (3) one count of money laundering in violation of 18 U.S.C. § 1956(a)(1)(A)(i). Following a lengthy jury trial, defendant was convicted on all but one count of the indictment.[1] Punishment was assessed at life imprisonment and a $10,000 fine. His conviction and sentence were affirmed on direct appeal. *United States v. Zapata*, No. 94-10410, 84 F.3d 431 (5th Cir. Apr. 4, 1996) (Table), *cert. denied*, 117 S.Ct. 163 (1996). Defendant also filed a motion to correct, vacate,

---

[1] Defendant was acquitted on one count of unlawful use of a communication facility.

or set aside his sentence pursuant to 28 U.S.C. § 2255, a Rule 60(b) motion for relief from judgment, and an application for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  All three motions were denied.  *United States v. Zapata*, No. 3-97-CV-0916-R (N.D. Tex. Jun. 12, 1998), *COA denied*, No. 98-10819 (5th Cir. Jul. 28, 1999) (section 2255 motion); *United States v. Zapata*, No. 3-93-CR-285-R (N.D. Tex. May 2, 2000) (Rule 60(b) motion); *Zapata v. Purdy*, No. C-01-CV-120 (S.D. Tex. Jan. 11, 2002), *aff'd*, 51 Fed. Appx. 929, 2002 WL 31415245 (5th Cir. Oct. 10, 2002).  The Fifth Circuit previously denied leave to file a successive section 2255 motion.  *In re Zapata*, No. 00-10937 (5th Cir. Oct. 18, 2000).

Undeterred, defendant now argues that the district court lacked subject matter jurisdiction because the indictment failed to specify the amount of drugs involved in the conspiracy.  Because of this jurisdictional defect, defendant maintains that the judgment in his criminal case should be set aside.

II.

The court initially observes that defendant may challenge his conviction and sentence only in a section 2255 motion.  *See United States v. Rich*, 141 F.3d 550, 551 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 1156 (1999) (motions brought by federal prisoners under Rule 60(b), but which essentially seek to set aside their convictions on constitutional grounds, may be treated as section 2255 motion); *United States v. Olivares*, No. 3-98-CR-385-H, 2002 WL 1822944 at *1 (N.D. Tex. Aug. 6, 2002) (Kaplan, J.) (treating Rule 60(b) motion in criminal case as successive section 2255 motion). Because defendant already has sought post-conviction relief, the court must determine whether he can bring this action without prior approval from the court of appeals.

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a federal prisoner may file a second or successive motion for post-conviction relief.

ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub.L. 104-132, 110 Stat. 1214 (1996). A defendant must show that the successive motion is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255. This determination must be made by a three-judge panel of the court of appeals before defendant files a successive motion in district court. 28 U.S.C. §§ 2241 & 2255.

The Fifth Circuit has not issued an order authorizing the district court to consider this successive motion. Defendant must obtain such an order before another motion for post-conviction relief is filed.

## RECOMMENDATION

Defendant's motion for relief from judgment should be treated as a second motion to correct, vacate, or set aside sentence and dismissed without prejudice pending review by a three-judge panel of the court of appeals.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 11, 2006.

                                         JEFF KAPLAN
                                         UNITED STATES MAGISTRATE JUDGE